UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>KWAME ANDERSON,<br><br>                        Defendant. | 24-CR-009-LTS |

MEMORANDUM ORDER

The Court is in receipt of Defendant Kwame Anderson's motion for reconsideration (docket entry no. 32 ("MTR")) of the Court's May 28, 2024 Memorandum Order (docket entry no. 29 ("the May Order")) denying his motion to suppress.  The Government has opposed the motion.  (Docket entry no. 36.)  For the following reasons, Defendant's motion for reconsideration is denied.

BACKGROUND

The relevant facts are described in the Court's May Order, familiarity with which is presumed for the purposes of this Memorandum Order.  In his motion for reconsideration, Mr. Anderson asserts that the Court erred in denying his motion to suppress without holding an evidentiary hearing.  (Docket entry no. 33 ("Def. Mem.").)

DISCUSSION

"The standard for granting a motion for reconsideration is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'"  United States v. Gomez, No. 08-CR-429-DLC, 2016 WL 2939163, at *2 (S.D.N.Y. May 19, 2016) (quoting Analytical Survs., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012)).  A motion for reconsideration may also be granted "when the defendant identifies an intervening change of controlling law, the availability of new

evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted) (discussing a motion under the Federal Rules of Civil Procedure). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Analytical Survs., 684 F.3d at 52 (citation omitted). The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

The Defendant does not identify any clear error in the Court's May Order. To establish entitlement to an evidentiary hearing, the Defendant bore "the initial burden of establishing, by an affidavit of someone with personal knowledge of the underlying facts, that there are, in fact, disputed issues of material facts." United States v. Dixon, No. 20-CR-0368-NSR, 2021 WL 106419, at *4 (S.D.N.Y. Jan. 12, 2021). Mr. Anderson has failed to do so. Instead, the Defense identifies several undisputed facts surrounding the circumstances of the Officers' initial observations of Mr. Anderson[1] that were relevant to the Court's determination that the Officers' perceptions of the weighted bag added to their reasonable suspicion to search Mr. Anderson. The Defense also identifies several undisputed facts relevant to the Court's determination that the Officers could have reasonably believed that Mr. Anderson recognized them as Police.[2] Mr. Anderson's disagreement with the Court's conclusions drawn from the

---

[1] These include, "the distance from which [the Officers] observed him, the time of night, the short period of time during which the observations were made, [and] the fact that the firearm recovered within the bag was wrapped in another bag." (Def. Mem. at 1-2.)

[2] These include, "the dim lighting, brief duration of the encounter, the officers' dark nonstandard uniform, and the fact that the officers emerged from an unmarked car." (Def. Mem. at 2.)

undisputed factual record is insufficient to establish that the Defendant was entitled to an evidentiary hearing simply to allow him "a more fulsome opportunity to examine the circumstances of his arrest." (Def. Mem. at 1.) The Court therefore declines to reconsider these settled issues. See Analytical Survs., 684 F.3d at 52.

## CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration of the May Order is denied. This Memorandum Order resolves docket entry no. 32.

SO ORDERED.

Dated: New York, New York
July 18, 2024

      /s/ Laura Taylor Swain
     LAURA TAYLOR SWAIN
     Chief United States District Judge