UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

KWAME ANDERSON,

Defendant.

24-CR-9-LTS; 13-CR-414-LTS

ORDER

The Court is in receipt of Mr. Anderson's request for bail pending appeal. (Docket entry no. 103 (the "Motion").)[1] While Mr. Anderson is represented by counsel appointed by this Court pursuant to the Criminal Justice Act and by appellate counsel, he makes the instant motion pro se. See S.D.N.Y. Loc. Crim. R. 49.2. Mr. Anderson appears to present the following questions, which he intends to pursue on appeal: (i) whether the Court improperly considered the factors listed in 18 U.S.C. section 3553(a)(2)(A) in fashioning a sentence for violation of supervised release in Case No. 13-CR-414-LTS; (ii) whether the lack of direct testimony from the victim of the crimes charged in Specifications 10 and 11 presents a substantial question under Federal Rule of Criminal Procedure 32.1; (iii) whether the Court improperly found that the Government proved Specification Ten by a preponderance of the evidence; and (iv) whether 18 U.S.C. section 922(g)(1), as applied, is unconstitutional. (Motion at 1-8.)

The Court is not persuaded that any of the arguments presented in the Motion raise substantial questions of law or fact within the meaning of section 3143. See 18 U.S.C. § 3143(b). As Mr. Anderson admits, question (iv) does not present a substantial question. (See Motion at 8-9); see also Zherka v. Bondi, 140 F.4th 68, 96 (2d Cir. 2025), cert. denied, 223 L. Ed.

[1] Unless otherwise noted, citations to docket entry nos. refer to Case No. 24-CR-9-LTS.

2d 555 (2026). For the reasons set forth in the Court's prior written orders, neither question (ii) nor (iii) raises substantial questions of law or fact within the meaning of section 3143. (See, e.g., docket entry nos. 924, 930 in Case No. 13-CR-414-LTS.) Upon examination of the sentencing transcript, the Court is similarly unpersuaded as to question (i). (See docket entry no. 101 ("Sent. Tr.") at 19:9-21:7 (stating, at sentencing, that the Court has made the "appropriate separation" in considering the relevant section 3553(a) factors for each offense).)

For the foregoing reasons, and because the statutory presumption is that of detention, the Court hereby denies Mr. Anderson's motion for bail pending appeal. See 18 U.S.C. § 3143(b). As Mr. Anderson himself recognizes in his Motion, the Court has repeatedly permitted Mr. Anderson to remain on release despite multiple violations of his bail or supervised release conditions. (See, e.g., docket entry no. 97.) The Court also granted Mr. Anderson a late surrender date to allow him to celebrate his father's birthday. (See Sent. Tr. at 42:18-20.) Absent further relief from the Court of Appeals, Mr. Anderson must present himself at the designated facility before 2:00 p.m. on **July 30, 2026**. This Order resolves docket entry no. 944 in Case No. 13-CR-414-LTS and docket entry no. 103 in Case No. 24-CR-9-LTS.

SO ORDERED.

Dated: New York, New York
July 22, 2026

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge